IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Karen Baker, ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-3533 |
| ) | |
| v. ) | |
| ) | |
| Will County Sheriff Mike Kelley and ) | |
| the County of Will, Illinois, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Karen Baker, by her attorneys, alleges the following against Defendants, Will County Sheriff Mike Kelley and the County of Will, Illinois:

### Introduction

1. Karen Baker ("Baker") was passed over for promotion because of her sex (female), in violation of the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution; Title VII of the Civil Rights Act of 1964 ("Title VII"); the Illinois Civil Rights Act of 2003 ("ICRA"); and the Illinois Human Rights Act ("IHRA").

### Parties, Jurisdiction, and Venue

2. Defendant Will County Sheriff Mike Kelley ("Kelley") is being sued in his individual capacity under 42 U.S.C. Section 1983 (for violations of the 14th Amendment)[1] and in his official capacity under Title VII, ICRA, and the IHRA.[2]

3. Kelley, as Sheriff, is an elected officer of the County of Will, Illinois ("Will County") and the current head of the Will County Sheriff's Office. He was first elected in 2014.[3]

---

[1] This claim seeks to hold Kelley personally liable.
[2] These claims seek to hold Kelley's office (a governmental entity) liable.
[3] He is up for re-election in November 2022.

1

4. The Will County Sheriff's Office has employed Baker since 1998.

5. Defendant Will County is a body politic and corporate, organized under Illinois' County Code, 55 ILCS 5/1-1001, *et seq*.

6. Will County is a necessary party to this case by virtue of its responsibility to indemnify the Sheriff for monetary amounts recovered by Baker through this action.[4]

7. This lawsuit is brought under the U.S. Constitution (via 42 U.S.C. Section 1983), and Title VII of the Civil Rights Act of 1964, as amended. Accordingly, this Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 ("federal question").

8. Plaintiff also brings claims under the Illinois Civil Rights Act, 740 ILCS 23/1, *et seq.*, and Illinois Human Rights Act, as amended, 775 ILCS 5/1-101, *et seq*. This Court has supplemental jurisdiction over Plaintiff's ICRA and IHRA claims, pursuant to 28 U.S.C. § 1367, because these claims are so related to the Title VII and Constitutional claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because all of the events giving rise to the claims asserted herein occurred in Will County, Illinois.

## Some Relevant Facts

10. Baker is a woman.

11. Baker has worked for the Will County Sheriff's Office since 1998, when she began her career as a correctional officer.

12. Baker works in the Will County Adult Detention Facility.

13. Kelley, as Sheriff, is ultimately responsible for the operation of the Will County Adult Detention Facility.

14. In November 2003, Baker was promoted to Sergeant.

---

[4] *Carver v. Sheriff of La Salle County*, 324 F.3d 947 (7th Cir. 2003).

15. In June 2007, Baker was promoted to Lieutenant.

16. Since 2015, Baker has served as Watch Commander (for the day shift) and, in that role, is responsible for the day-to-day operations of the 1000-bed Will County Adult Detention Facility, including all sworn and civilian personnel.

17. On April 6 or 7, 2021, Kelley promoted Vincent Perillo to Deputy Chief of Support Services for the Will County Adult Detention Facility.

18. Perillo is a man.

19. Prior to his promotion, Perillo was a lieutenant.

20. Baker has been working for the Will County Sheriff's Office for six years longer than Perillo (Baker started in 1998; Perillo started in 2004).

21. Baker has been a lieutenant for 9 years longer than Perillo (Baker was promoted in 2007; Perillo was just promoted in 2016).

22. Baker has received numerous awards throughout her career, including but not limited to:

    a. Correctional Officer of the Year award in 2002;
    b. Meritorious Service award in 2004;
    c. Sheriff's Office Unit Award – Classification (1st officer to ever receive this) in 2005;
    d. Correctional Supervisor of the Year award in 2013;
    e. Meritorious Service award in 2017;
    f. Honorable Service award (20 years) in 2018;
    g. Supervisory Excellence award in 2020; and
    h. Crisis Intervention award in 2021.

23. Upon information and belief, Baker has received more awards than Perillo has.

24. Baker is a veteran of the U.S. Navy.

25. Perillo is not a veteran.

26. Baker completed the Northwestern University Public Safety Staff and Command School in 2004.

27. Upon information and belief, Perillo never attended Northwestern University Public Safety Staff and Command School.

28. In 2012, Baker completed the National Jail Leadership Command Academy.

29. Upon information and belief, Perillo never completed National Jail Leadership Command Academy.

30. Baker was qualified for the promotion that Perillo received.

31. Baker was not chosen for this promotion because of her sex.

32. Baker has suffered from being denied this promotion: she has lost wages, she now has diminished earning power, and she has suffered emotional distress.

**Count 1: 14th Amendment to the U.S. Constitution (via Section 1983)**
*Against Will County Sheriff Mike Kelley (in his individual capacity)*

33. Plaintiff re-alleges paragraphs 1-32 as if copied and pasted here.

34. Baker was qualified for the promotion that Perillo received.

35. Kelley promoted Perillo, instead of Baker, because of Baker's sex, which violates the equal protection guarantee of the 14th Amendment to the U.S. Constitution.

36. Kelley was acting under color of state law when he discriminated against Baker based on her sex.

37. Kelley was personally involved in the discrimination against Baker.

**Count 2: Title VII**
*Against Will County Sheriff Mike Kelley (in his official capacity)*

38. Plaintiff re-alleges paragraphs 1-32 as if copied and pasted here.

39. Baker was qualified for the promotion that Perillo received.

40. Baker was not chosen for this promotion because of her sex, which violates Title VII.

4

41. Baker exhausted her administrative remedies: she filed a charge at the IDHR on January 19, 2022; the IDHR issued a dismissal and notice of "right-to-sue" on April 7, 2022; she informed the EEOC of IDHR's dismissal; the Department of Justice issued its notice of "right-to-sue" letter on June 14, 2022, which Baker received that same day; and she is filing this lawsuit within 90 days thereof.

### Count 3: Illinois Civil Rights Act
*Against Will County Sheriff Mike Kelley (in his official capacity)*

42. Plaintiff re-alleges paragraphs 1-32 as if copied and pasted here.

43. Baker was qualified for the promotion that Perillo received.

44. Baker was not chosen for promotion because of her sex, which violates the Illinois Civil Rights Act of 2003.

### Count 4: Illinois Human Rights Act
*Against Will County Sheriff Mike Kelley (in his official capacity)*

45. Plaintiff re-alleges paragraphs 1-32 as if copied and pasted here.

46. Baker was qualified for the promotion that Perillo received.

47. Baker was not chosen for promotion because of her sex, which violates the Illinois Human Rights Act.

48. Plaintiff exhausted her administrative remedies with the Illinois Department of Human Rights: she filed a Charge of Discrimination with the IDHR on January 19, 2022; the IDHR issued a notice of "right-to-sue[5]" letter on April 7, 2022; and she is filing this suit within 95 days thereof.

---

[5] "Notice of Opt Out of the Investigative and Administrative Process, Right to Commence an Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Order of Administrative Closure"

### Count 5: Indemnification
*Against Will County*

49. Will County ultimately must indemnify the Sheriff against any damages, including attorneys' fees, awarded as a result of any judgment against him, whether in his individual or official capacity, in this action.

### Prayer for Relief

Plaintiff, Karen Baker, requests that Kelley (in his individual capacity) be found liable under the U.S. Constitution, via Section 1983, and that Kelley (in his official capacity) be found liable under Title VII, the Illinois Civil Rights Act, and the Illinois Human Rights Act; that judgment be entered in her favor; that she be awarded all remedies to which she is entitled under the law, including but not limited to injunctive relief, backpay, front pay, lost benefits, other equitable relief as appropriate, compensatory damages, punitive damages[6], prejudgment interest, attorney's fees, expert witness fees, and costs; and that the Sheriff in his individual capacity, the Sheriff in his official capacity, and the County be ordered to pay the award.

### Jury Demand

Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Submitted by:

/s/ Julie Herrera
Law Office of Julie O. Herrera
159 N. Sangamon St., Ste. 200
Chicago, IL 60607
Phone: 312-479-3014
Fax: 708-843-5802
jherrera@julieherreralaw.com

Date: 7/7/22

---

[6] for the 42 U.S.C. Section 1983 claim only